MAGNOLIA COLZIE & others[1] vs. REGISTRARS OF VOTERS OF
WORCESTER & others[2]
(and a companion case[3]).

Worcester. September 10, 1984. — November 19, 1984.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Elections*, Voter registration.

A judge correctly allowed motions of a city's registrars of voters to dismiss
complaints brought by fourteen registered voters, the basis of which was
a petition filed in accordance with G. L. c. 51, § 42B, requesting the
registrars to open a voter registration site at a local office of the Depart-
ment of Public Welfare and declaring that "[t]here will be 10 or more
Worcester residents gathered at the site who wish to register." [328]

CIVIL ACTIONS commenced in the Superior Court Department
on March 23, 1984.

The cases were heard by *George J. Hayer*, J.

After review was sought in the Appeals Court, the Supreme
Judicial Court ordered direct appellate review on its own initia-
tive.

*Marjorie Heins* (*John Reinstein* with her) for Magnolia Col-
zie & others.

*Paul R. Matthews*, Assistant Attorney General, for the At-
torney General & another.

*James F. Bergin*, Assistant City Solicitor, for the Registrars
of Voters of Worcester & others.

NOLAN, J. After oral argument in this court, we issued an
order dated September 13, 1984, in which we affirmed judg-

---

[1] Thirteen other registered voters of the city of Worcester.

[2] Chairman of the board of registrars, the city clerk, and the clerk of the
board of registrars.

[3] Attorney General and the Secretary of the Commonwealth vs. Registrars
of Voters of Worcester.

ments for the defendants in these consolidated cases in the nature of mandamus and for declaratory relief.

Fourteen registered voters in the city of Worcester signed a petition requesting the defendant board of registrars (board) to open a voter registration site at the Worcester office of the Department of Public Welfare on April 2, 1984, between 11 A.M. and 2 P.M. In addition to the signatures and addresses of the signatories, the petition contained no other pertinent language except a declaration that "[t]here will be 10 or more Worcester residents gathered at the site who wish to register." The board denied the petition after a hearing on February 14, 1984. The appeals before us were commenced by complaints filed on March 23, 1984. The defendants filed answers to the plaintiffs' allegations and motions to dismiss. After hearing arguments on the motions, the trial judge, out of an abundance of caution and being unwilling to cause the witnesses who were ready for trial the inconvenience of "making them come back at a later date," heard the cases on the merits. He reserved decision on the motions. Four witnesses testified. The defendants made an oral motion for a finding for the defendants and the parties argued.

Acting expeditiously, the trial judge within ten days of the hearing filed findings and rulings. Judgments were entered dismissing the complaints. The judgments also recited, presumably responsive to the merits: "Judgment for the defendant."

The statute which governs voter registration sessions is G. L. c. 51, § 42B, as amended through St. 1981, c. 216. In relevant part, § 42B permits ten or more voters to file a petition for a voter registration session "in any factory, mill, . . . , or any other place where there are persons who are entitled to be registered who are regularly gathered by reason of employment or other principal activity." The statute requires the petition to state that "ten or more persons employed, resident or otherwise regularly at such place desire and are entitled to be registered as voters in said city or town." The petition fell short of this requirement. The petition was the basis of the complaints and the judge correctly allowed the defendants' motions to dismiss the complaints.

The plaintiffs argue that "technical obstructions" should not be allowed to defeat a person's right to vote or to register. We agree. See *Santana* v. *Registrars of Voters of Worcester*, 384 Mass. 487, 491 (1981). However, equally important, is the requirement that the plaintiffs bring themselves within the statute, which is not demanding in its requirements. They failed to do so.

This failing could be cured by a new petition which complies with the statute. A second petition to conduct voter registration at the public welfare office was filed on July 13, 1984, and was denied by the defendants. This petition appears to incorporate the statutory language required by § 42B, but it does not rescue the plaintiffs because the judge found earlier that the petitioners failed to prove that they met the statutory requirements. More particularly, he ruled that there was no evidence "that any of the petitioners were persons employed, resident or otherwise regularly at such place ([t]he Welfare Office) or that any of the 10 or more Worcester residents who would ·gather at the site to register were employed, resident or otherwise regularly at such place (site) and desire and are entitled to be registered. Only one person who signed the petition was in Court, . . . and she did not testify."

It is too late to remedy the failure of evidence. There was no error.